FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| LAUREN G. GRABER | : | |
| Debtor | : | Bankruptcy No. 06-10748 |

..............................................

MEMORANDUM

..............................................

Presently before me are the debtor's objections to four unsecured proofs of claim filed respectively by: Capital One, docketed as claim #2 in the amount of $510.34; World Financial Network Bank–Chadwicks, docketed as claim #4 in the amount of $289.73; Charming Shoppes-Fashion Bug, docketed as claim #5 in the amount of $659.36; and Seventh Avenue, docketed as claim #7 in the amount of $842.80.

In these objections, the debtor states that the claim filed by each creditor should be disallowed because the creditor did not comply with the procedural requirements of Fed. R. Bankr. P. 3001, in that it did not attach the original contract between the parties and did not attach a payment history. Nor do these proofs of claim include an itemization of the amounts claimed due or reflect any assignments. (Claim #4 does reflect a date and amount of last purchase by the debtor.)

In each objection the debtor "demands strict proof of the amount of the debt, interest rate, penalties, late charges, etc." In three of the four objections, the debtor demands proof that the creditor is an assignee of her former creditor. And in two instances, the debtor contends that the debt "may be barred" by various federal and state consumer protection laws. She does not identify any specific violations of federal or state

statutes that occurred.[1] In no objection does the debtor aver that she does not owe any sum to the creditor.[2]

Hearings were scheduled on all four objections and the creditors did not appear. The debtor appeared, but only through counsel, therefore she did not testify; nor did she offer any evidence in support of her objections. Instead, the debtor simply contends that the failure of the creditors to support their proofs of claim with underlying documents requires that all four claims be disallowed.

As will be discussed, this argument has been rejected by a number of courts including most recently In re Perron, 350 B.R. 628 (6th Cir. B.A.P. 2006) and In re Lapsansky, 2006 WL 3859243 (Bankr. E.D. Pa. 2006) (Fehling, B.J.). Essentially, these decisions follow the analysis of In re Heath, 331 B.R. 424 (B.A.P. 9th Cir. 2005) (referring to the debtor's argument as a minority position) and In re Dove-Nation, 318 B.R. 147 (B.A.P. 8th Cir. 2004).

Federal Rule of Bankruptcy Procedure 3001 establishes the proper procedure for filing proofs of claim. The rule provides, inter alia, that when a claim is based on a writing, "the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or

---

[1] In her post-hearing memorandum, the debtor did not address purported violations of consumer protection statutes, nor complain about the lack of documents reflecting assignment to World Financial Network Bank–Chadwicks.

[2] In her bankruptcy schedules, of which I take judicial notice, see In re Indian Palms Associates, Ltd., 61 F.3d 197, 205 (3d Cir. 1995), the debtor schedules all four creditors as holding disputed claims. Three creditors are scheduled in amounts slightly less than asserted in their proofs of claim; one creditor—Seventh Avenue—has no amount scheduled as its debt; instead, the debtor wrote: "Notice only." Thus, it is likely that these creditors had communicated with the debtor prior to her bankruptcy filing.

destruction shall be filed with the claim." Fed. R. Bankr. P. 3001(c).  In addition, Official Bankruptcy Form #10 instructs that copies of supporting documents such as account statements and contracts should be attached to the proof of claim, and if the documents supporting the claim are "voluminous," then the creditor should instead attach a summary. Moreover, if the supporting documents are not available, Form #10 states that the creditor should provide an explanation for such unavailability.

The procedural rule states that a proof of claim filed in accordance with Rule 3001 constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).  See generally In re Innovative Software Designs, Inc., 253 B.R. 40, 44 (B.A.P. 8th Cir. 2000); In re Brinson, 153 B.R. 952, 954 (Bankr. M.D. Fla. 1993).  And the Third Circuit Court of Appeals has explicated the shifting evidentiary burdens in resolving claims objections when a proof of claim is prima facie valid.  In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992).

When the claim is based upon the use by the debtor of a credit card, courts have generally accepted an account summary attached to the proof claim form as sufficient documentation to establish its prima facie validity.  See In re Heath, 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); In re Kemmer, 315 B.R. 706, 715 (Bankr. E.D. Tenn. 2004); In re Cluff, 313 B.R. 323, 335-36 (Bankr. D. Utah 2004).  That account summary typically should include the amount of the debt, the name and account number of the debtor, a breakdown of the interest and fees, if any, and be in the form of a business record "or some other equally reliable format."  In re Cluff, at 335; see In re Armstrong, 320 B.R. 97, 105 (Bankr. N.D. Tex. 2005) (similar list, citing In re Kemmer, at 715); In re Henry, 311 B.R. 813, 817-18 (Bankr. W.D. Wash. 2004) (for prima facie validity, a

3

creditor minimally must attach a sufficient number of monthly statements to show how total claim was calculated, and a copy of the agreement authorizing the charges and fees).

Here, these four creditors have not attached copies of account statements, monthly statements, or account summaries. Thus, I agree with the debtor's implicit assertion that these four creditors have not established prima facie proofs of claim. It does not follow, however, that the failure of a creditor to comply with Rule 3001 (and with the instructions on Official Bankruptcy Form 10), and thereby present a prima facie claim, results in the automatic disallowance of the claim.

The majority of courts that have considered this issue recognize that 11 U.S.C. § 501(a) establishes a general requirement for the filing of a proof of claim by a creditor in order to receive a distribution from property of the bankruptcy estate. See In re Heath, at 435; In re Dove-Nation, at 150.[3] A claim, proof of which is filed, is deemed allowed unless some party objects. Id.; see 11 U.S.C. § 502(a). Once an objection is made, the bankruptcy court will determine the amount of the claim as of the date of the filing of the petition, and shall allow the claim subject to nine statutory exceptions. Id.; see 11 U.S.C. § 502(b)(1)-(9). These are the exclusive grounds for disallowance. See In re Dove-Nation, at 150 ("sole grounds for objecting to a claim"). The federal bankruptcy rules, as they govern procedure for filing claims, cannot provide a substantive ground for disallowance:

---

[3]There is a long-standing equitable concept in bankruptcy cases of "informal" proofs of claim. Even if a creditor does not submit a proof of claim consistent with Official Form #10, "a document will qualify as an informal proof of claim in bankruptcy . . . if it is in writing, contains a demand by the creditor on the bankruptcy estate, expresses an intent to hold the debtor liable for the debt, and the document is filed with the bankruptcy court." In re American Classic Voyages Co., 405 F.3d 127, 131 (3d Cir. 2005). All four filings with this court would meet those criteria.

4

> The Bankruptcy Rules do not effect substantive rights, "for when Congress accorded the Supreme Court authority to promulgate the Bankruptcy Rules, it stated '[s]uch rules shall not abridge, enlarge, or modify any substantive right.'" The alteration or elimination of a creditor's proof of claim effects a substantive right. Bankruptcy Rule 3001 does not enlarge the Debtors' statutory reasons to disallow a claim; it merely "defines the process by which [the claims] may be effected."

In re Cluff, at 332 (quoting In re Fesq, 153 F.3d 113, 116 (3d Cir. 1998), which was quoting 28 U.S.C. § 2075). A plain reading of section 502(b) reveals that the statute does not include the lack of proper documentation as a ground for disallowance. In re Heath, at 435 ("Noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance."); see In re Perron, at *4 ("That the proof of claim filed is technically insufficient is not one of the exceptions."); In re Dove-Nation, at 152 (despite lack of substantial compliance with Rule 3001, claims are still allowed absent an exception under section 502(b)).

Noncompliance with Rule 3001, however, will result in the claim not being entitled to prima facie validity. In re Heath, at 433 (citing Consol. Pioneer Mortgage, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995)). The rule serves only "to permit the proof of claim itself to act similar to a verified complaint and have an independent evidentiary effect. . . . If the proof of claim is not entitled to prima facie validity then it may have lesser evidentiary weight or none at all, but unless there is a factual dispute that is irrelevant." In re Heath, at 435; see In re Cluff, at 331 ("[I]t merely determines which party will have the burden of proof moving forward on the objection."). Moreover, a debtor faced with inadequate information supplied by the creditor in connection with a claim may request additional documentation from the creditor. In re Heath, at 436. In addition, if the claim

is not prima facie valid, the quantum of evidence needed by a debtor to sustain an objection is low indeed. See In re Cluff, at 338:

> In order to defeat a claim that contains some evidence, but that is not accorded *prima facie* status, a debtor could make an allegation supported by a signed affidavit, that some or all of the claim was not owed or that the debt had been satisfied. If the creditor did nothing more, such an objection could be sustained.

A debtor could also testify that she owes no obligation to the creditor. If the creditor were absent at the hearing, such testimony may be sufficient to defeat the claim.

Debtor's counsel in this case did not seek any formal or informal discovery from any of the creditors. Nor did the debtor independently challenge the amount alleged in the proofs of claim at issue. She objected only on the basis of the lack of documentation, and she offered no evidence of any kind that any of the four claims were improper.

As explained above, lack of documentation attached to the proof of claim is not a statutorily recognized basis to disallow a claim. "'One rebuts evidence with counter-evidence,' not merely a statement in a pleading that the proof of claim is not properly documented." In re Cluff, at 339 (quoting In re Garner, 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000)). In these four instances, the debtor here made no allegations in her objections that implicate one of the grounds for disallowance contained in section 502(b). See In re Cluff, at 339; In re Campbell, 336 B.R. 430, 436 (B.A.P. 9th Cir. 2005) ("Objections without substance are inadequate to disallow claims, even if those claims lack the documentation required by Rule 3001(c)."). Nor did she offer any evidence at the scheduled hearing.

Therefore, even though the creditors' lack of sufficient documentation resulted in denying their claims' prima facie validity, the evidentiary burden never shifted to them to support their claims as the debtor did not present any evidence putting the validity or amount of the claims in doubt. See In re Cluff, at 337-38 ("If the creditor presents some evidence in the claim, even though the entire claim is not *prima facie*, the creditor has still fulfilled its initial burden of proving that fact in its claim unless the evidence is rebutted.").

Accordingly, the debtor's four objections are overruled. An appropriate order shall follow.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re : Chapter 13

LAUREN G. GRABER :

    Debtor : Bankruptcy No. 06-10748

................................................

ORDER

................................................

AND NOW, this 9th day of February 2007, for the reasons stated in the accompanying memorandum, it is hereby ordered that the debtor's objections to four unsecured proofs of claim—viz. Capital One, docketed as claim #2 in the amount of $510.34; World Financial Network Bank–Chadwicks, docketed as claim #4 in the amount of $289.73; Charming Shoppes-Fashion Bug, docketed as claim #5 in the amount of $659.36; and Seventh Avenue, docketed as claim #7 in the amount of $842.80—are overruled and the claims are allowed.

                                                _/s/ Bruce Fox_
                                                BRUCE FOX
                                    United States Bankruptcy Judge

copies to:

Ms. Lauren G Graber
689 Zook Road
Atglen, PA 19310

Vicki Ann Piontek, Esq.
Piontek Law Office
24 West Governor Road
Hershey, PA 17033

Capital One Bank
c/o Tsys Debt Management
P.O. Box 5155
Norcross, GA 30091

Charming Shoppes - Fashion Bug
First Express
PO BOX 856021
Louisville , KY 40285

World Financial Network National Bank
c/o Weinstein & Riley, P.S.
2101 Fourth Ave., Suite 900
Seattle, WA, 98121

Seventh Avenue
c/o Creditors Bankruptcy Service
P.O. Box 740933
Dallas TX 75374

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall, Suite 583
Philadelphia, PA 19106